# UNITED STATES DISTRICT COURT
**District of New Mexico**

| UNITED STATES OF AMERICA | Judgment in a Criminal Case |
|---|---|
| V. | |
| **William Kurtz** | (For Offenses Committed On or After November 1, 1987) |
| | Case Number: **5:11CR02481-001JB** |
| | USM Number: **63816-051** |
| | Defense Attorney: **Andre Poissant, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **1 of Indictment**
☐ pleaded nolo contendere to count(s)  which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 21 U.S.C. Sec. 846 | Conspiracy to Violate 21 U.S.C. Sec. 841(b)(1)(B) | 07/20/2011 | 1 |

The defendant is sentenced as provided in pages 2 through **6** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☒ Count **s 2, 3, 4, 5 and 6** are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**March 26, 2012**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**August 29, 2012**
Date Signed

Defendant: **William Kurtz**
Case Number: **5:11CR02481-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **78 months**.

**Defendant William Kurtz, pursuant to a Plea Agreement, filed November 21, 2011 (Doc. 30), pled guilty to Count I of the Indictment, filed September 20, 2011 (Doc. 2), charging him with a violation of 21 U.S.C. § 846, that being conspiracy to possess with intent to distribute five grams and more of methamphetamine, contrary to 21 U.S.C. § 841(a)(1) and 841(b)(1)(B). The parties stipulate that Kurtz is responsible for 48.4 grams of pure methamphetamine. See Plea Agreement ¶ 9(a), at 4. The parties agree to a 2-level reduction to his offense level pursuant to U.S.S.G. § 3E1.1(a) for acceptance of responsibility and, to the extent applicable, a 1-level reduction pursuant to U.S.S.G. § 3E1.1(b). See Plea Agreement ¶ 9(b)-(c), at 4. The parties also stipulate that, pursuant to U.S.S.G. § 3B1.2, Kurtz was a minor participant in the criminal conduct and that he is entitled to a 2-level reduction in his base offense level. See Plea Agreement ¶ 9(d), at 5. Kurtz waives his right to appeal his conviction, and any sentence at or under the maximum statutory penalty authorized. See Plea Agreement ¶ 13, at 6.**

On January 12, 2012, the United States Probation Office ("USPO") disclosed a Presentence Investigation Report ("PSR") for Kurtz. The PSR calculates a base offense level of 30 pursuant to U.S.S.G. § 2D1.1(c)(5) and the Plea Agreement. See PSR ¶ 45, at 14. The USPO notes, however, that the base offense level should be 34, based on Kurtz` possession of 48.4 net grams of methamphetamine, 2.57 net kilograms of methamphetamine, and .0703 net kilograms of marijuana. See PSR ¶ 45, at 14. The USPO then applies a 2-level enhancement, pursuant to U.S.S.G. § 2D1.1(b)(12), based on Kurtz maintaining a premises for the purpose of manufacturing or distributing a controlled substance. See PSR ¶ 47, at 14. The PSR applies a 2-level reduction, pursuant to U.S.S.G. § 3B1.2(a) and the Plea Agreement, based on Kurtz having a minor role. See PSR ¶ 49, at 15. The USPO notes, however, that Kurtz should not receive a 2-level reduction, because, although he worked for and received direction from his supplier, he also directed others in the conspiracy. See PSR ¶ 49, at 15. The PSR calculates Kurtz` adjusted offense level as 30 and his total offense level as 27 after a 3-level reduction for acceptance of responsibility. See PSR ¶¶ 51-53, at 15-16. The PSR calculates Kurtz` criminal history category as II based on 3 criminal history points. See PSR ¶ 59, at 20. The PSR notes that a five-year statutory minimum applies, based on 21 U.S.C. § 841(b)(1)(B). See PSR ¶¶ 98, at 29. The PSR calculates that an offense level of 27 and a criminal history category of II establishes a sentencing range of 78 to 97 months. See PSR ¶ 99, at 29. At the March 26, 2012 sentencing hearing, the Court found that the base offense level should be 34, following the USPO`s recommendation, and that Kurtz is not entitled to a 2-level reduction in offense level based on a minor role. Accordingly, Kurtz has a total offense level of 33, which, with a criminal history category of II, establishes a guideline imprisonment range of 151 to 188 months.

Kurtz asks the Court to vary to sentence of 78 months. Plaintiff United States of America agrees that a 78-month sentence was appropriate in this case. There not being any objections, the Court adopts the PSR`s factual findings and, with the exception of the two changes that the Court made to the base offense level and role reduction, the Court also adopts the PSR`s guideline calculations. The Court otherwise accepts the Plea Agreement. An offense level of 33 combined with a criminal history category of II establishes a guideline imprisonment range of 151 to 188 months.

Kurtz conspired to distribute at least 48.4 net grams of methamphetamine. The Court has carefully considered the parties` arguments and the circumstances of this case. Specifically, the Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant. The Court believes that the punishment that the guidelines set forth is not appropriate for Kurtz` offense. The Court then considered the kinds of sentences and ranges established in the guidelines, and the Court agrees that a sentence of 78 months is sufficient to reflect the seriousness of this offense.

The Court believes that this sentence is sufficient to reflect the seriousness of the offense, because it is a lengthy and serious sentence. The Court also finds that it is adequate to promote respect for the law. Most importantly, and the reason that the Court is varying downward considerably, this sentence provides a more just punishment. Kurtz has had a very difficult life. His father died when Kurtz was sixteen years old, and it fell to him to take over as a parental figure for his three younger siblings. See PSR ¶ 72, at 24. Kurtz had little parental guidance as a child and dropped out of school in seventh grade. See PSR ¶ 72, at 24. In reading the PSR, the Court saw that, while Kurtz did not always make the best decisions, he cared for the people around him and tried to care for his siblings. In 2004, Kurtz` brother Andy committed suicide. See PSR ¶ 73, at 25. Since dropping out of school, Kurtz worked to obtain his General Educational Development diploma. See ¶ 88, at 27. He has primarily been employed as a truck driver. See PSR ¶ 91, at 28. Kurtz is intelligent, but he is handicapped in life, because he left school in the seventh grade to assume an adult role within his family. He seems to be hardworking, has good qualities, and has accepted responsibility in this

case. The Court recognizes that Kurtz was dealing drugs, but notes that he was not a supplier -- Kurtz received the drugs and directions from someone else. Kurtz has been forthright in accepting responsibility. Kurtz has approached this sentence with a good attitude, and the Court agrees with the United States that there is something to salvage here. The Court wants to build on those traits. Additionally, with respect to Kurtz` relationship with his co-Defendant Debbie Reed, Kurtz was helping wean Reed off of methamphetamine. The Court concludes that Kurtz has a lot of good character traits on which he can build during this sentence and on supervised release. Accordingly, the Court finds that a 78-month sentence is a more just punishment. The Court concludes that this sentence affords adequate deterrence, because it is a lengthy sentence, and Kurtz will spend four years on supervised release. The Court finds that a 78-month sentence is sufficient to protect the public and that, even though this sentence involves a substantial downward variance, this sentence avoids unwarranted sentencing disparities among defendants with similar records who have been convicted of similar crimes. Additionally, the Court finds that this sentence will provide Kurtz with some needed training, education, and care because of some of the conditions that the Court will impose as part of supervised release. Accordingly, the Court agrees with the parties that a 78-month sentence is appropriate.

The Court believes that a sentence of 78 months fully and effectively reflects the 18 U.S.C. § 3553(a) factors. While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable. And perhaps most important in this calculation, the Court believes that this sentence is sufficient, but not greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). The Court sentences Kurtz to 78-months imprisonment.

☒   The court makes the following recommendations to the Bureau of Prisons:

   **The Court first recommends Fort Worth Federal Correctional Institution, Fort Worth, Texas, and secondarily recommends Big Spring Federal Correctional Institution, Big Spring, TX, if eligible.**

☒   The defendant is remanded to the custody of the United States Marshal.
☐   The defendant shall surrender to the United States Marshal for this district:
   ☐   at   on
   ☐   as notified by the United States Marshal.
☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☐   before 2 p.m. on
   ☐   as notified by the United States Marshal
   ☐   as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at _____ with a Certified copy of this judgment.

UNITED STATES MARSHAL

By

DEPUTY UNITED STATES MARSHAL

Defendant: **William Kurtz**
Case Number: **5:11CR02481-001JB**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **4 years** .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
☒   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
☒   The defendant shall cooperate in the collection of DNA as directed by statute. (Check, if applicable).
☐   The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

Defendant: **William Kurtz**
Case Number: **5:11CR02481-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant must participate in and successfully complete an outpatient substance abuse treatment program, approved by the probation officer, which may include testing. The defendant is prohibited from obstructing or attempting to obstruct or tamper, in any fashion, with the collection, efficiency and accuracy of any substance abuse testing device or procedure. The defendant may be required to pay a portion of the cost of treatment and/or drug testing to be determined by the Probation Office.**

**The defendant must participate in an educational or vocational program as approved by the probation officer.**

**The defendant must submit to a search of his person, property, or automobile under his control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting illegal narcotics and other contraband at the direction of the probation officer. He must inform any residents that the premises may be subject to a search.**

**The defendant must refrain from the use and possession of alcohol and other forms of intoxicants.**

**The Defendant shall reside at and complete a program at a Residential Re-Entry Center, as approved by the probation officer, for a period of 6 months.**

**The Defendant and co-Defendant, Ms. Reed, must participate in and successfully couple`s counseling.**

Defendant: **William Kurtz**
Case Number: **5:11CR02481-001JB**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.

☐  The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| | **$100.00** | **$0.00** | **$0.00** |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A  ☒  In full immediately; or

B  ☐  $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.